UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Bartley Texas Builders Hardware, Inc. § § | | |
| Appellant, § § | | |
| versus § § | | Civil Action H-08-644 Adversary 07-03280 |
| Donald L. Swor and Myra L. Swor, § § | | |
| Appellees. § § | | |

## Opinion on Trust Funds

1.  *Introduction.*

    A contractor bought materials from a supplier but never paid. Instead, it used the money to repay its capital contribution. The supplier has appealed the bankruptcy court's judgment discharging the debt, and he will prevail.

2.  *Background.*

    For thirty-three years, Donald and Myra Swor owned and operated Swor's Glass & Mirror, Inc. It purchased glass and hardware from Bartley Texas Builders Hardware, Inc., and then used these materials in construction projects. The Swors contributed over $106,000 in capital to Swor's Glass after it began having financial difficulties.

    In October of 2005, Swor's Glass filed for reorganization in bankruptcy. It scheduled Bartley as an unsecured creditor for $8,883.08. This bankruptcy was converted to a liquidation in August of 2006 and is still pending. The Swors filed a personal liquidation bankruptcy in February of 2007, where they also scheduled Bartley as an unsecured creditor.

3.  *Trust.*

    When the Swors' company bought materials from Bartley, the proceeds of their re-sale became a trust. The company was the trustee, and Bartley – the materialman – was the beneficiary. *See* Tex. Prop. Code § 162.002-003. This relationship means that all payments for work completed by Swors Glass are impressed with the trust. *See* Tex. Prop. Code §

162.001(a). A month before the company entered bankruptcy, the Swors used trust funds – collections from projects using Bartley's materials – to repay themselves. As a result, the company could not pay Bartley.

4. *Misapplication.*

Texas law creates potential criminal and civil liability for trustees who misapply trust funds. *See* Tex. Prop. Code § 162.031(a). Misapplication is a trustee's intentional diversion of trust funds without first paying the beneficiary. Tex. Prop. Code § 162.031(a).

Mrs. Swor testified that she and her husband were the signatories of the three bank accounts for Swors Glass. She also testified that neither of them ever intentionally or knowingly made payments from these accounts, but she did write more than one check from their company's accounts to their personal accounts. This testimony does not reflect fact, but instead, it reflects a witness reciting a legal standard. Worse, the bankruptcy judge relied on that mechanical recitation of a legal abstraction to invade the trust.

A check is a negotiable instrument that unconditionally promises to pay a sum of money. U.C.C. § 3-104. A promise is always intentional – otherwise it would be fraud. *See generally, Edward Thompson Co. v. W.R. Sawyers*, 111 Tex. 374, 378 (Tex. 1921). Mrs. Swor could not have possibly written a check to herself – and deposited it in her personal bank account – accidentally. She had an intention because she knew that Swors Glass owed money to Bartley.

Because the Swors, individually, intentionally consumed the trust funds without first paying Bartley, they misapplied trust property.

5. *Expense.*

When proceeds are used for business expenses, it is not a diversion. *See* Tex. Prop. Code § 162.031(b). Here, the Swors say that repaying themselves is a business expense.

In this context, a business expense is something "directly related to the construction or repair." Tex. Prop. Code § 162.031. A contractor's paying himself profits is not related enough to the work to make it a business expense. *In re Faulkner*, 213 B.R. 660, 667-668 (Bankr. W.D. Tex. 1997). The Swors' use of trust funds to repay themselves capital is not an expense related to the construction or repair projects that included the materials from Bartley.

A loan is a capital contribution when payments correlate with the debtor's sense of his financial situation and the debtor repays the money at his own discretion. The Swors had to

show the court – an objective outsider – that they were debtors of their company, not just unwise investors.

The Swors cannot prove debt. The absence of either documentation of the loan or interest payments indicates capital rather than debt. The Swors never had its company issue a promissory note for the loan nor did they enable the company to pay interest regularly to them. The Swors did not use trust property for a business expense when they withdrew their capital. *C.f. In Re: Erstmark Capital Corp.* 2002 U.S. Dist. LEXIS 14493 (N.D. Tex. 2002) (repayment of paperless loans were fraudulent transfers).

6.  *Faith*.

The Swors say that they are excused from responsibility because they misapplied trust funds in good faith. They say that it allowed them to keep Swor's Glass in business.

In one case, a homebuilder did not pay its supplier for lumber. In discharging the debt, the court found that the homebuilder was in good faith to misapply the trust funds because paying a supplier would have caused it financial trouble. This is bad logic, bad law, and bad economics. Trusts exist to ensure that trustees use the property for the benefit of the beneficiary. The trustee never has the discretion to take the corpus of the trust for his own benefit. It is impossible to violate a trust in good faith. *Foxworth-Galbraith Lumber Co. v. Dissmore (In re Dissmore)*, 2004 Bankr. LEXIS 2401 (Bankr. N.D. Tex. 2004).

A month before Swor's Glass filed for bankruptcy, they took money they owed to Bartley and gave it to themselves. Using money owed to another to pay one's self is not an act undertaken in good faith. Even if the Swors had acted in good faith, neither federal nor Texas law includes good faith as a defense to liability for misapplication of trust funds. *See Republic Nat. Bank & Trust Co. v. Bruce*, 139 Tex. 136, 140 (Tex. Com. App. 1937); *see also* Tex. Prop. Code § 162.001-033; *see also* 11 U.S.C. § 523.

7.  *Discharge*.

Texas law creates a fiduciary duty for a contractor to a materialman. Tex. Prop. Code § 162.001-031; *Kelly et al., v. General Interior Construction, Inc.*, 2008 Tex. App. LEXIS 4981 (Tex. App. – Houston [14th Dist.] 2008). Federal law prevents a discharge of debts related to the breach of this duty. 11 U.S.C. § 523(a)(4).

Swor's Glass – and Donald and Myra Swor as self-paid recipients of purloined funds – had a duty to Bartley. Because they breached this duty when they paid themselves, their debt cannot be discharged.

8.   *Conclusion.*

The judgment of the bankruptcy court will, therefore, be reversed and rendered that the debt to Bartley may not be discharged.

Signed on December 24, 2008, at Houston, Texas.

                                    _____
                                           Lynn N. Hughes    USDJ
                                        United States District Judge